DRO Disability Rights Oregon

July 10, 2026

United States Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re: Letter Regarding Partial Mootness in *Disability Rights Oregon v. Hathi*, Case No. 25-3868, 25-5609, and 25-5769**

**Hearing Date: September 17, 2026 in Portland, Oregon**

Your Honors:

I wish to draw the Court's attention to a matter of partial mootness in the above-captioned matter, in light of a subsequent ruling of the district court. The directives of this circuit require counsel to alert the court when a matter has become moot.[1] One of the arguments advanced by the Oregon appellants—that the court monitor was appointed without limitations on her authority—has been mooted by a subsequent order clarifying the scope of the court monitor's authority. Opinion and Order, June 1, 2026, ECF 756, at 4–5. Because the clarification order makes extremely explicit the limitations on the Court Monitor, no further relief could be granted to the Oregon appellants on this issue, even if they were successful in the present appeal.

The state of Oregon appellants raised numerous claims in this matter, including whether the district court abused "its discretion by appointing a court monitor without establishing any parameters on her authority and by subsequently instructing her to be the sole and final arbiter of disputes over the amount of contempt fines owed?" Opening Brief, Dkt. 24.1, at 12. Disability Rights Oregon (DRO) and Metropolitan Public Defender (MPD) wish to draw

[1] "Counsel should promptly inform the Court if the case has become moot . . . since the briefs were filed." U.S. Ct. of Appeals for the Ninth Cir., *Federal Rules of Appellate Procedure, Ninth Circuit Rules, Circuit Advisory Committee Notes*, at xix (June 1, 2026).

900 SW 5th Avenue, Suite 1800 / Portland, OR 97204
Phone: 503-243-2081 or 1-800-452-1694 / Fax: 503-243-1738 / www.droregon.org
Disability Rights Oregon is the Protection and Advocacy System for Oregon

the court's attention to a recent order of the district court, which clarified the role of the court monitor. On June 1, 2026, the district court in this matter entered an order in response to the state's request to clarify another collateral order in this matter. In it, the district court made it clear that the Court Monitor had a role of "assur[ing] compliance with and implement[ing] the court's remedial directives." ECF 756, at 4-5. However, the Court Monitor "is not authorized" to act independent to convene hearings, make independent determinations of fines, or to decide whether a party is in contempt. *Id.* The Court Monitor's role regarding fines is only to "calculate recommended fines," which recommendation is then assessed by the court and independently determined by the court. *Id.* The court emphasized the Court Monitor is "*not* empowered to make final determinations." *Id.* (emphasis in original).

More broadly, the district court stated that the "Court Monitor's reports and recommendations are not self-executing," but that the district court is the "ultimate arbiter of compliance." *Id.* "As has been true thus far, each of the Court Monitor's reports and recommendations must be expressly adopted, rejected, modified, or otherwise acted on by the Court before they have legal effect." *Id.* These assurances and clarifications moot any concern about the extent of the Court Monitor's authority.

DRO and MPD do not concede that Oregon's original concern regarding the Court Monitor's authority was valid. As the district court has indicated, no decision of the Court Monitor has been self-executing. Every decision made by the Court Monitor has had to be implemented, ratified, or adopted by the district court. The district court's order does not describe a *new limitation* on of the Court Monitor's authority but has "been true thus far."

Oregon appellants appealed from an order generally appointing the Court Monitor. 1-ER-38. None of the orders subject to appeal here involved an appeal from any

determination allegedly made by the Court Monitor. 1-ER-4; 1-ER-6; 1-ER-20; 4-ER-736–757. The Oregon appellants even noted that the district court "may have intended Dr. Pinals's role to be more limited, or it may have intended her decisions 'to be subject to review or appeal,'" but that those limitations were not "reflected in its order." Dkt. 24.1, at 56. Oregon's present appeal does not arise from any notice of appeal from any orders in which the Oregon appellants alleged that the Court Monitor actually made a determination regarding fines. Oregon's appeal acknowledged that the district court's order is subject to the exact interpretation that the district court has now stated clearly should apply.

Even had the Oregon appellants succeeded in this element of the appeal, the only relief to which they would have been entitled would be a remand to the district court to issue an order defining the scope of the Court Monitor's authority. As the district court has already issued an order stating that "each of the Court Monitor's reports and recommendations must be expressly adopted, rejected, modified, or otherwise acted on by the Court," Oregon has received as much clarification of the Court Monitor's role as it would have on remand had it prevailed. Because no further relief could be granted to the Oregon appellants, the element of the appeal relating to the scope of the Court Monitor's authority is moot.

Sincerely,

s/ Thomas Stenson
Thomas Stenson
Deputy Legal Director
Disability Rights Oregon